FILED

2015 DEC 15  PM 3: 20

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

REAL ESTATE TRAINING
INTERNATIONAL, LLC,

       Plaintiffs,

v.

THE NICK VERTUCCI COMPANIES,
INC. and NICK VERTUCCI,

       Defendants.

Case No. 10:15-mc-77-0rl-41 GJK

*Currently Pending in* C.D. Cal.
Case No. 8:14-cv-00546

**DEFENDANTS' MOTION TO COMPEL NON-PARTIES**
**GIOVANNI FERNANDEZ AND ELISE SABATINO TO PRODUCE**
**DOCUMENTS RESPONSIVE TO DEFENDANTS' SUBPOENAS**

Pursuant to Federal Rules of Civil Procedure 37 and 45, Defendants The Nick

Vertucci Companies, Inc. and Nick Vertucci (collectively, "Defendants" or "Vertucci") move

to compel non-party Giovanni Fernandez ("Fernandez") and non-party Elise Sabatino

("Sabatino") to produce documents responsive to Vertucci's subpoenas for production of

documents, which subpoenas were issued in Case No. 8:14-cv-00546-AG-DFM, pending in

the Central District of California, Southern Division (the "California Case").

I.    **THE MIDDLE DISTRICT OF FLORIDA IS THE PROPER COURT TO**
     **HEAR THIS MATTER.**

Even though the depositions and document requests at issue in this motion were

served in connection California Case, and issued from the court in which that matter is

pending, as a result of the December 1, 2013 amendments to the Federal Rules of Civil

Procedure, this Court is the proper Court for this enforcement action. Under those

amendments, while a subpoena must issue from the court where the action is pending, if objections are made to the subpoena, as they have been here, the serving party may at any time move the district where compliance is required for an order compelling production or inspection. Fed.R.Civ.P. 45(d)(2)(B)(i) (2015).

## II.    BACKGROUND

The California Case pending between the above-referenced parties arises from a business relationship between Plaintiff/Counter-Defendant Real Estate Training International, LLC ("RETI") and RETI's owner and President, Counter-Defendant Armando Montelongo Jr. ("Montelongo"), and Defendants/Counter-Plaintiffs The Nick Vertucci Companies, Inc. and Nick Vertucci (collectively, "Defendants"). RETI and Montelongo are in the real estate seminar business. Vertucci invested in "cash flow real estate properties" – i.e. single family homes with renters, where monthly income from the rentals exceeds monthly expenses, before Defendants started a working association with Plaintiff in late 2009. From 2009 until August 2013, Defendants provided speaking services to Plaintiff's seminar students, conducted seminar training for Plaintiff's students regarding cash-flow properties, and provided properties for sale at Plaintiff-sponsored events.   Defendants' provision of cash-flow properties for sale at real estate seminars was achieved through a joint venture with Fernandez and Sabatino and their companies, NV Acquisition Management, LLC and NV Florida Real Estate Management, LLC. RETI terminated its relationship with Defendants and Defendants allege RETI and Montelongo simultaneously interfered with, and caused the breach of, the Defendants' joint venture agreements with Fernandez, Sabatino, and their companies.

Sabatino and Fernandez were served with subpoenas for production of documents, as well as with subpoenas for deposition on June 4, 2015. True and correct copies of these subpoenas are attached hereto as Composite **Exhibit 1**. The subpoenas duces tecum were later amended on September 18, 2015. True and correct copies of these amended subpoenas are attached hereto as Composite **Exhibit 2**. While the Defendants and the subpoenaed non-parties coordinated (through counsel for RETI) as to scheduling of the depositions for a date in October, 2015, because Fernandez and Sabatino still work with RETI and Montelongo, Fernandez failed to fully comply with the subpoena for documents, and Sabatino failed to produce <u>any</u> documents whatsoever. On or about October 6, 2015, Sabatino and Fernandez each served Defendants with their objections to the subpoenas duces tecum. True and correct copies of Sabatino's and Fernandez's objections are attached hereto as **Exhibits 3 and 4** respectively.

For the reasons set forth below, Defendants request the objections by Fernandez and Sabatino be overruled and the non-parties be compelled to produce the documents responsive to Defendants' requests.

## III.   MEMORANDUM

Federal Rule of Civil Procedure 45 empowers parties to obtain documents, information, and testimony from non-parties. The scope of discovery under Rule 45 is the same as the scope of discovery under Rule 26. *See, e.g., Baptiste v. Centers, Inc.*, No. 5:13-CV-71-OC-22PRL, 2013 WL 3196758, at *2 (M.D. Fla. June 21, 2013); *Madeline LLC v. Street*, No. 09-80705-MC, 2009 WL 1563526, at *1 (S.D. Fla. June 3, 2009).

Rule 45 provides certain mechanisms to protect non-parties from undue burdens and from being required to produce privileged or protected information.  Non-parties may timely move for an order quashing or modifying a subpoena or may serve written objections to a subpoena before the earlier of the time specified for compliance or 14 days after the subpoena is served.  Fed. R. Civ. P. 45(d)(2) & (3).  In addition, non-parties may withhold documents or information sought by a subpoena based on a claim of privilege, but the non-party is obligated to expressly state the claim of privilege and describe the nature of the withheld documents.  Fed. R. Civ. P. 45(e)(2).  Fernandez and Sabatino failed to take any action within 14 days of service of the initial subpoena in June, and failed to take any action within 14 days of the amended subpoena, choosing instead to serve objections 18 days after the date of the amended deposition subpoenas.

### A.    The Requests and the Boilerplate Objections

Pursuant to Local Rule 3.05, Defendants hereby reproduce the requests for production and the boilerplate objections asserted by Fernandez and Sabatino thereto.  The requests to Sabatino are identical to the requests to Fernandez, except for the reference to "You" and/or Fernandez within the requests directed to Sabatino. The objections asserted by each individual are identical, therefore, to avoid redundancy, Defendants herein provide one set of the requests and objections.

> 1.    Any documents pertaining or reflecting any aspect of the Cash Flow Properties between You and/or Sabatino, and Vertucci and/or NVC, during the Relevant Time Period. This includes (but is not exclusive to) any information pertaining to any real properties acquired, rehabbed, rented, marketed or sold  held by either You, Fernandez Related Companies,Vertucci, and/or NVC  during the Relevant Time period.

4

*Objection. This request is compound, vague, ambiguous, and overbroad and thus unduly burdensome, in that it is unlimited in scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are inherently in the Requesting Party's possession, and thus are available from another source via less intrusive and less costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy and spousal privilege.*

2.      Any documents pertaining or relating to any aspect of the Cash Flow Properties between You, any Fernandez Related Companies and/or Sabatino, on the one hand, and Armando Montelongo, RETI, and/or any Montelongo Affiliates, on the other hand, during the Relevant Time Period. This includes (but is not exclusive to) any information pertaining to any real property acquired before August 28,2013 and sold after August 28,2013.

*Objection. This request is compound, vague, ambiguous, and overbroad and unduly burdensome, in that it is unlimited to scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy, and potentially seeks documents protected by spousal, attorney-client and/or work product privileges.*

3.      Any documents reflecting or related to any aspect of Your, or the Fernandez Related Companies, or Sabatino's, business relationship with Montelongo or any of the Montelongo Affiliates, or with any other officer or director of Plaintiff, including, but not limited to, Andy Moon.

*Objection. This request is compound, vague, ambiguous, and overbroad and thus unduly burdensome, in that it is unlimited to scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy, and potentially seeks documents protected by spousal, attorney-client and/or work product privileges.*

4.      Any documents reflecting or related to You or any Fernandez Related Companies ending Your business relationship with NVC and/or Vertucci.

*Objection. This request is vague, ambiguous, and compound. This request seeks documents protected from disclosure by the right to privacy, and potentially seeks documents protected by the settlement, spousal, attorney-client and/or work product privileges. This request seeks documents that are inherently in the*

*Requesting Party's possession, and thus are available from another source via less intrusive and less costly means.*

5.     Any documents reflecting or pertaining to the sale of any Cash Flow Properties before August 28, 2013.

*Objection. This request is vague, ambiguous, and overbroad and unduly burdensome, and seeks potentially documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are already in the Requesting Party's possession, and thus are available from another source via less intrusive and less costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy and spousal privilege.*

6.     Any documents reflecting or pertaining to the sale of any Cash Flow Properties after August 28, 2013.

*Objection. This request is vague, ambiguous, and overbroad and unduly burdensome, and potentially seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy and spousal privilege.*

7.     Any documents reflecting or pertaining to the proceeds paid to Montelongo, RETI, and/or the Montelongo Affiliates from the Cash Flow Properties prior to August 28, 2013.

*Objection. This request is vague, ambiguous, and overbroad and unduly burdensome, in that it is unlimited to scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy and potentially seeks documents protected by settlement, spousal, attorney-client and/or work product privileges.*

8.     Any documents reflecting or pertaining to the proceeds paid to Montelongo, RETI, and/or the Montelongo Affiliates from the Cash Flow Properties after August 28, 2013.

*Objection. This request is vague, ambiguous, and overbroad and unduly burdensome, in that it is unlimited to scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request seeks documents protected from disclosure*

*by the right to privacy and potentially seeks documents protected by settlement, spousal, attorney-client and/or work product privileges.*

9.      All communications between You or Sabatino on the one hand, and Montelongo or any of the Montelongo Affiliates on the other hand, pertaining to Vertucci, including, but not limited to, emails, texts, Twitter, Instagram, Facebook, Snapshot or any other social media.

*Objection. This request is compound, vague, ambiguous, and overbroad and unduly burdensome. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request potentially seeks documents protected by settlement, attorney-client and/or work product privileges.*

10.      All communications between You or Sabatino on the one hand, and Montelongo or any of the Montelongo Affiliates on the other hand, pertaining to NVC, including, but not limited to, emails, texts, Twitter, Instagram, Facebook, Snapshot or any other social media.

*Objection. This request is compound, vague, ambiguous, and overbroad and unduly burdensome. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request potentially seeks documents protected by settlement, spousal, attorney-client and/or work product privileges.*

11.      All communications between You or Sabatino on the one hand, and Montelongo or any of the Montelongo Affiliates on the other hand, pertaining to Cash Flow Properties, including, but not limited to, emails, texts, Twitter, Instagram, Facebook, Snapshot or any other social.

*Objection. This request is compound, vague, ambiguous, and overbroad and unduly burdensome. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request potentially seeks documents protected by settlement, attorney-client and/or work product privileges.*

12.      All communications between You or Sabatino on the one hand, and Andy Moon, on the other hand, pertaining to Vertucci, including, but not limited to, emails, texts, Twitter, Instagram, Facebook, Snapshot or any other social media.

*Objection. This request is compound, vague, ambiguous, and overbroad and unduly burdensome. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request*

*potentially seeks documents protected by settlement, attorney-client and/or work product privileges.*

13.    All communications between You or Sabatino on the one hand, and Andy Moon, on the other hand, pertaining to NVC, including, but not limited to, emails, texts, Twitter, Instagram, Facebook, Snapshot or any other social media.

*Objection. This request is compound, vague, ambiguous, and overbroad and unduly burdensome. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request potentially seeks documents protected by settlement, attorney-client and/or work product privileges.*

14.    All communications between You or Sabatino on the one hand, and Andy Moon, on the other hand, pertaining to Cash Flow Properties II, including, but not limited to, emails, texts, Twitter, Instagram, Facebook, Snapshot or any other social media.

*Objection. This request is compound, vague, ambiguous, and overbroad and unduly burdensome. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy and potentially seeks documents protected by settlement, attorney-client and/or work product privileges.*

15.    Any documents showing the number of Cash Flow Properties and Cash Flow Properties II that were part of any  Cash Flow Properties portfolio between June 1, 2013 and the present.

*Objection. This request is vague, ambiguous, and overbroad and unduly burdensome, in that it is unlimited in scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy and potentially seeks documents protected by settlement, spousal, attorney-client and/or work product privileges.*

16.    Any documents relating to distribution of profits from the Cash Flow Properties.

*Objection. This request is vague, ambiguous, and overbroad and unduly burdensome, in that it is unlimited in scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are available from another source via less intrusive and less*

*costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy and potentially seeks documents protected by settlement, spousal, attorney-client and/or work product privileges.*

17.   Any documents relating to any losses incurred due to the Cash Flow Properties.

*Objection. This request is vague, ambiguous, and overbroad and unduly burdensome, in that it is unlimited in scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy and potentially seeks documents protected by settlement, spousal, attorney-client and/or work product privileges.*

18.   Any documents, whether in draft or final form, relating to any actual or proposed business plan or operating agreement involving You, Fernandez Related Companies and/or Sabatino and Vertucci and/or NVC.

*Objection. This request is vague, ambiguous, and overbroad and unduly burdensome, in that it is unlimited in scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy and potentially seeks documents protected by settlement, spousal, attorney-client and/or work product privileges.*

19.   Any documents reflecting decision-making over the management of the Cash Flow Properties.

*Objection. This request is vague, ambiguous, and overbroad and unduly burdensome, in that it is unlimited in scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy and potentially seeks documents protected by settlement, spousal, attorney-client and/or work product privileges.*

20.   Any documents reflecting decision-making over the disposition of any of the Cash Flow Properties.

*Objection. This request is vague, ambiguous, and overbroad and unduly burdensome, in that it is unlimited in scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are available from another source via less intrusive and less*

*costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy and potentially seeks documents protected by settlement, spousal, attorney-client and/or work product privileges.*

     21.    Any documents reflecting decision-making over the disposition of any proceeds from the Cash Flow Properties.

***Objection.*** *This request is vague, ambiguous, and overbroad and unduly burdensome, in that it is unlimited in scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy and potentially seeks documents protected by settlement, spousal, attorney-client and/or work product privileges.*

     22.    Any documents reflecting decision-making over dealings with investors in any of the Cash Flow Properties.

***Objection.*** *This request is vague, ambiguous, and overbroad and unduly burdensome, in that it is unlimited in scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. This request seeks documents that are available from another source via less intrusive and less costly means. Moreover, this request seeks documents protected from disclosure by the right to privacy and potentially seeks documents protected by settlement, spousal, attorney-client and/or work product privileges.*

**B.**    **The Improper Objections should be Overruled and Production of the Requested Documents Compelled.**

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). It is well-settled that discovery is broad and "a party may use a Rule 45 subpoena to 'obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.'" *Madeline L.L.C. v. Street*, 2009 WL 1563526, at *1 (S.D. Fla. June 3, 2009) (citing Fed.R.Civ.P. 26(b)(1)); *see also Chambers v. Sygma Network, Inc.*, Case No. 6:12-cv-1802-ORL-37TBS, 2013 WL 1775046, at *3 (M.D. Fla. April 25, 2013) (quoting Rule 26(b)(1) and applying to a Rule 45 subpoena dispute like this one). Such "[i]nformation can

be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence." *Anglin v. Maxim Healthcare Servs., Inc.*, 2009 WL 928305, at *1 (M.D. Fla. Apr. 3, 2009) (denying motion to quash). This broad scope of non-party discovery is among the reasons that "a Rule 45 subpoena should be enforced unless it is clear 'that the evidence sought can have no possible bearing on the issues." *Benavides v. Velocity IQ, Inc.*, 2006 WL 680656, at *2 (M.D. Fla. Mar. 15, 2006).

Defendants have sought documents pertaining to Sabatino and Fernandez's business relationship with RETI and Montelongo, as well as with Defendants. This information is made directly relevant by the claims pled by the Defendants/Counterclaimant's. In its Second Amended Answer, Counterclaims, Defendants/Counterclaimants assert they had a successful joint venture with Fernandez and Sabatino and their companies, NV Acquisition Management, LLC and NV Florida Real Estate Management, LLC until Montelongo tortiously interfered with that joint venture. Defendants have also asserted claims against RETI for breach of oral contract, fraudulent inducement, quantum meruit, and theft of services, all of which remain viable claims at this stage of litigation. A true and correct copy of Defendants Second Amended Answer, Counterclaims is attached hereto as **Exhibit 5**.

The documents sought are directly relevant to these claims and the Plaintiff's defenses to those claims. In fact, the relationship between the Defendants and Sabatino and Fernandez is at the core of Defendants' main counterclaim against RETI. All documents concerning that relationship, and in particular, those leading up to and following RETI's tortious interference with the joint venture agreement between Defendants and Fernandez and Sabatino, are highly

relevant and must be produced. It is believed that RETI, by and through its principal owner, Armando Montelongo, planned the termination of Defendants and the tortious interference with the joint venture agreement for several months and gathered information to permit RETI to take the portion of the joint venture performed by Defendants in-house. Any communications in any form that the deponents Sabatino and/or Fernandez had with Montelongo during these last few months while Vertucci was still working with RETI regarding setting up a new property management company or discontinuing doing business with Vertucci, or regarding the cash flow properties business, is highly probative, relevant and material to the legal issues asserted by the Defendants/Counterclaimants. Defendants believe that communications in Sabatino and Fernandez's possession, custody, or control would provide information relevant to these facts and issues asserted, and, therefore, are highly relevant to the underlying action pending in the Central District of California.

In response to Defendants request for highly relevant documents, Sabatino and Fernandez have offered nothing other than boilerplate objections, which practice is routinely and almost uniformly rejected by this and other federal courts. *See Chambers*, 2013 WL 1775046, at *3 ("boilerplate objections are, as one Court observed, 'ironically, themselves overbroad and vague.'") (quoting *Playtypus Wear, Inc. v. Clarke Modet & Co., Inc.*, No. 06–20976–civ, 2007 WL 4557158, at *3 (S.D. Fla. Dec. 27, 2007)). The party objecting to a subpoena bears the burden of establishing that its objections should be sustained, and **"generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure."**

(emphasis added) *Fin. Bus. Equip. Solutions, Inc. v. Quality Data Sys.*, 2008 WL 4663277, at *5 (S.D. Fla. 2008).

Sabatino and Fernandez also assert that the documents can be obtained by other means, but these individuals own and run multiple businesses and "there is a rebuttable presumption that a . . . corporation is in possession and control of its own books and records." *Chambers*, 2013 WL 1775046, at *4 (quoting *Bailey Indus., Inc. v. CLJP, Inc.* 270 F.R.D. 662, 671 (N.D.Fla. 2010) (further citations omitted)). Furthermore, the mere claim that the documents sought might also be available from an alternate source should not permit a duly subpoenaed witness to avoid producing relevant documents which are in his or her possession, custody, and control. Neither Sabatino nor Fernandez are parties to the California case and they are uniquely in possession of information with a Party- RETI and Montelongo who have not made full disclosure of such communications. Sabatino and Fernandez are in fact the best source for obtaining this information because they are not impacted in the California Case by virtue of the documents to be produced, regardless what the documents say.

Finally, Fernandez and Sabatino's objections premised upon the spousal privilege miss the mark. Though Florida does recognize a spousal privilege, it cannot be used to shield otherwise discoverable communications between <u>business associates</u> who just happen to also be married. *See The DHA Corp. v. BRC Operating Co., LLC*, 2015 WL 3707378, * 2 (S.D.Fla. June 15, 2015) ("any business-related communications between them may not be shielded from discovery as privileged marital communications, 'unless specific circumstances show the conversations to have been confidential in nature'") (internal citations excluded). In

13

this instance, Sabatino and Fernandez were and are business associates who just happen to be married. Although some of their communications may be privileged their communications related to the operation of their businesses, which would include the joint venture with the Defendants, and Montelongo's tortious interference therewith, are not privileged and must be produced. *See id.*

### III.   CONCLUSION

For the reasons set forth above, Defendants in the California Case, movants herein, respectfully request that this Court overrule the objections by non-parties Sabatino and Fernandez and compel the production of documents requested by the amended subpoenas duces tecum. Furthermore, non-parties Sabatino and Fernandez should be compelled to produce those requested documents on or before ten (10) days from the date of the order on this motion.

### IV.   CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), undersigned counsel for Defendants certifies that he has conferred via multiple telephone conversations with attorney James Toscano, Esquire, who has confirmed he represents Giovanni Fernandez and Elise Sabatino concerning the Defendants' request for documents responsive to the subpoenas in a good faith effort to resolve the issues addressed herein. Unfortunately, a resolution that avoided the necessity of filing this motion could not be reached.

Dated: December 15, 2015                     Respectfully submitted,


David A. Meek II, Esq.

14

Florida Bar Number:  0059314
AKERMAN LLP
Post Office Box 231
Orlando, FL  32802-0231
Phone:  (407) 423-4000
Fax:  (407) 843-6610
Email:  david.meek@akerman.com

## CERTIFICATE OF SERVICE

**I hereby certify** that on December 15, 2015, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic

filing to all counsel of record on the below Service List and by U.S. Mail to the Non-Parties

listed below.

David A. Meek, Esq.

## SERVICE LIST

James S. Toscano, Esq.
Lowndes Drosdick Doster Kantor
& Reed P. A.
P.O. Box 2809
Orlando, FL 32802-2809
Telephone: (407) 843-4600
E-mail: jim.toscano@lowndes-law.com

Attorney for Giovanni Fernandez and Elise
Sabatino

*Service via CM/ECF*

Attorney for Plaintiff RETI and Counter-
Defendant Montelongo


*Service via Email and U.S. Mail*

30332755-5