UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**REAL ESTATE TRAINING**
**INTERNATIONAL, LLC,**

      **Plaintiff,**

v.                                                Case No:  6:15-mc-77-Orl-41KRS

**THE NICK VERTUCCI COMPANIES,**
**INC. and NICK VERTUCCI,**

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on the Joint Stipulation for Order of Dismissal of Miscellaneous Action (the "Joint Stipulation," Doc. 10). Defendants initiated this proceeding pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i)[1] by filing the Motion to Compel (Doc. 1). Therein, Defendants request that previously-subpoenaed nonparties—Giovanni Fernandez and Elise Sabatino—be compelled to comply with subpoenas issued in an ongoing case within the Central District of California, Southern Division, Case No. 8:14-cv-546-AG-DFM.

The Joint Stipulation relies on Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) permits voluntary dismissal "by court order, on terms that the court considers proper." "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the

---

[1] In pertinent part, Rule 45(d)(2)(B)(i) provides that a person subject to a subpoena may file appropriate objections thereto and that, in the event of an objection, "the serving party may move the court for the district *where compliance is required* for an order compelling production or inspection." (emphasis added). Here, compliance was to be required in the Middle District of Florida. (*See* Sabatino Subpoena, Doc. 1-1, at 3; Fernandez Subpoena, Doc. 1-1, at 20; Amended Sabatino Subpoena Duces Tecum, Doc. 1-2, at 2–3; Amended Fernandez Subpoena Duces Tecum, Doc. 1-2, at 14–15).

other side, and to permit the imposition of curative conditions." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (quotation omitted). Here, despite the Joint Stipulation's title—which tends to indicate dismissal as a matter of right under Rule 41(a)(1)(A)(ii)—it references Rule 41(a)(2) and requests the inclusion of additional terms in the order on dismissal; such references bespeak a motion. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Motion*, Black's Law Dictionary (10th ed. 2014) (defining "motion" as a "written or oral application requesting a court to make a specified ruling or order").

Construed as a motion, the Joint Stipulation must comply with Local Rule 3.01(a), which requires that motions include, among other things, "a memorandum of legal authority in support of the [motion]." No such memorandum accompanies the Joint Stipulation. In its absence, it is not entirely clear whether Rule 41(a)(2)—as opposed to simply withdrawing the Motion to Compel—is an appropriate means for closing this proceeding or whether the present proceeding is an "action" within the meaning of Rule 41(a)(2). What is also unclear is the legal basis for making the findings requested in the Joint Stipulation. Thus, the Joint Stipulation, construed as a motion, will be denied for failure to comply with Local Rule 3.01(a).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Joint Stipulation for Order of Dismissal of Miscellaneous Action (Doc. 10) is **DENIED without prejudice**.

2. On or before **February 5, 2016**, nonparties—Giovanni Fernandez and Elise Sabatino—may respond to the Motion to Compel (Doc. 1). Failure to do so may result in that motion being treated as unopposed.

**DONE** and **ORDERED** in Orlando, Florida on January 29, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record